# In the United States Court of Federal Claims

No. 24-362C
(Filed: August 21, 2024)
**NOT FOR PUBLICATION**

```
*****************************************
SHASTA CASEY HOWELL,                    *
                                        *
              Plaintiff,                *
                                        *
v.                                      *
                                        *
THE UNITED STATES,                      *
                                        *
              Defendant.                *
                                        *
*****************************************
```

## OPINION AND ORDER

Plaintiff Shasta Casey Howell, proceeding *pro se*, seeks $44 million in damages (among other forms of relief) based on a variety of alleged harms. *See* Complaint (ECF 1). The government has moved to dismiss under RCFC 12(b)(1).[1] The motion to dismiss is **GRANTED**.

This Court's subject-matter jurisdiction — its authority to pass judgment on the cases before it — is limited to specific types of claims, most commonly non-tort claims for money damages under the Tucker Act. *See, e.g.*, 28 U.S.C. § 1491(a)(1); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("The Court of Federal Claims is a court of limited jurisdiction."). Perhaps confusingly for *pro se* litigants, it is not a forum for "federal claims" generally. Claims that are outside the Court's jurisdiction must be dismissed. RCFC 12(h)(3). "In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "Although a *pro se* plaintiff's complaint is held to a less stringent standard than those prepared by counsel, *pro se* litigants are not excused from meeting jurisdictional requirements." *Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017) (citations omitted) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987));

---

[1] *See* Mot. to Dismiss (ECF 29). Ms. Howell did not file a response though she had the opportunity to do so.

*see also Howard-Pinson v. United States*, 74 Fed. Cl. 551, 553 (2006) (explaining that *pro se* litigants are "entitled to a liberal construction of [their] pleadings") (citing *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972)). "Regardless of how a plaintiff characterizes a claim, this Court 'look[s] to the true nature of the action in determining the existence or not of jurisdiction.'" *Pines Residential Treatment Ctr., Inc. v. United States*, 444 F.3d 1379, 1380 (Fed. Cir. 2006) (quoting *Katz v. Cisneros*, 16 F.3d 1204, 1207 (Fed. Cir. 1994)). The burden to establish jurisdiction is on the party claiming that jurisdiction exists. *Sam Gray Enterprises, Inc. v. United States*, 32 Fed. Cl. 526, 529 (1995); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

At the outset, Plaintiff's list of defendants includes not only the United States, but also several Wisconsin state officials and agencies. This Court has no jurisdiction over claims against defendants other than the United States, *United States v. Sherwood*, 312 U.S. 584, 588 (1941), which means that this Court cannot hear claims against "states, state officials, and state agencies." *Lawton v. United States*, 621 F. App'x 671, 672 (Fed. Cir. 2015) (citing *Sherwood*, 312 U.S. at 588). To the extent Plaintiff wishes to sue private parties, those claims are outside this Court's jurisdiction as well. Any claims that Plaintiff intends to make against defendants other than the United States must therefore be dismissed.

To the extent that any of Plaintiff's claims do implicate the United States, most of them are outside the Court's jurisdiction for other reasons. Many of her claims involve alleged harms to her family members who are not named plaintiffs. Plaintiff lacks standing to pursue those claims, *see e.g. Witchard v. United States*, 165 Fed. Cl. 125, 136 (2023), so they must be dismissed.

Turning to the substance of the injuries mentioned in the Complaint (including Plaintiff's own alleged injuries and those belonging to others), claims for money in this Court under the Tucker Act are premised on (1) contracts between the plaintiff and the United States, (2) illegal exactions of money by the United States, or (3) laws or constitutional provisions that require the United States to pay money to the plaintiff. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citing 28 U.S.C. § 1491(a)(1)); *Spencer v. United States*, 98 Fed. Cl. 349, 355 (2011). Claims in the third category require a "money mandating" source of federal law, that is, a federal statute or regulation that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained and is reasonably amenable to the reading that it mandates a right of recovery in damages." *Jan's Helicopter Serv., Inc. v. F.A.A.*, 525 F.3d 1299, 1307 (Fed. Cir. 2008) (quotes and citations omitted) (quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983), and *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 473 (2003)).

To the extent Plaintiff's allegations are against the United States, many of them — *e.g.*, infliction of emotional distress, defamation, fraud, and false imprisonment — are tort claims, and therefore outside this Court's jurisdiction. *See* 28 U.S.C. § 1491(a)(1); *cf.* Tort, Black's Law Dictionary (11th ed. 2019). Others — *e.g.*, treason and violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 — involve criminal matters which are also outside this Court's jurisdiction. *Trevino v. United States*, 113 Fed. Cl. 204, 209 (2013); *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011); *see also Julian v. United States,* 658 F. App'x 1014, 1017 (Fed. Cir. 2016).

Many of Plaintiff's claims object to the actions of Wisconsin state and federal courts or allege misconduct by the judges in those matters. Claims of judicial corruption are exceptionally serious matters. But this Court lacks authority to review allegations of misconduct by judges on another court. *See* 28 U.S.C. §§ 351, 363; Rules for Judicial-Conduct and Judicial-Disability Proceedings 7(a)(1). Nor does this Court have the power to review decisions of other courts. *See, e.g.*, *Innovair Aviation Ltd. v. United States*, 632 F.3d 1336, 1344 (Fed. Cir. 2011); *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994); *Earl v. United States*, 787 F. App'x 751, 752 (Fed. Cir. 2019). Plaintiff thus may not pursue her judicial misconduct theories in this Court, nor may she attack any judgments entered against her by other courts.

Still other claims are outside this Court's jurisdiction for additional reasons. She alleges that the Social Security Administration wrongfully withheld payments from her, *see* Compl. at 10,[2] but this Court cannot hear claims for Social Security benefits. *See Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990); *Lopez v. United States*, 2023 WL 7096921 at *2 (Fed. Cir. 2023). She alleges that her First, Fourth, Sixth, and Eighth Amendment rights were violated, *see, e.g.*, Compl. at 31, 36, but this Court has no jurisdiction over those claims because the constitutional provisions are not money mandating. *United States v. Connolly,* 716 F.2d 882, 887 (Fed. Cir. 1983); *Brown v. United States*, 105 F.3d 621, 623–24 (Fed. Cir. 1997); *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007); *Ewers v. United States*, 168 Fed. Cl. 812, 817 (2024). Some of her filings mention the Second and Seventh Amendments, *see* Brief at 2 (ECF 35), which are not money-mandating either. *Drake v. United States*, 792 F. App'x 916, 920 n.6 (Fed. Cir. 2019); *Jordan v. United States*, 128 Fed. Cl. 46, 53 (2016).

Plaintiff also mentions violations of the Fifth and Fourteenth Amendments, *see* Compl. at 27, and this Court has subject matter jurisdiction over some Fifth Amendment claims — namely, claims for compensation under the Takings Clause.

---

[2] I use the page numbers generated by the court's electronic filing system for ease of reference.

But Plaintiff seems to allege violations of the Due Process Clauses of the Fifth and Fourteenth Amendments, which are not money mandating. *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013).

Other claims that might be within this Court's jurisdiction fail for lack of factual pleadings sufficient to establish jurisdiction. Plaintiff mentions a breach of contract, *see* Compl. at 6, but provides no facts supporting the existence of a contract between her and the federal government. Plaintiff also alleges unjust imprisonment, *see* Compl. at 2, but although this Court has jurisdiction over claims for unjust conviction and imprisonment, *see* 28 U.S.C. § 1495, Plaintiff only alleges that she was ever imprisoned by the state of Wisconsin, and this Court's jurisdiction under Section 1495 extends only to imprisonment by the United States. *See id.* On review of Plaintiff's complaint, I have been unable to identify any other grounds for relief that might be within this Court's jurisdiction, let alone any that state a claim upon which relief may be granted.

Defendant's motion to dismiss is **GRANTED**. Plaintiff has filed a long series of motions (ECF 7, ECF 10, ECF 13, ECF 14, ECF 15, ECF 21, ECF 22, ECF 24, ECF 25, ECF 31, ECF 32, ECF 40, ECF 43, ECF 45, ECF 49, ECF 50, ECF 51) requesting different forms of procedural and substantive relief. To the extent the motions could be construed as seeking to amend the complaint, *e.g.*, (ECF 10, ECF 13, ECF 14, ECF 15, ECF 24, ECF 25, ECF 40, ECF 49, ECF 50), they have much the same jurisdictional problems as the complaint itself, and are therefore **DENIED**. *See Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. De C.V.*, 464 F.3d 1339, 1353 (Fed. Cir. 2006). All remaining requests in the pending motions are **DENIED AS MOOT**.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge
